UNITED STATES DISTRICT COURT　　　　　　　　　NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK

MARIE L. BANKS,

        Plaintiff,

        - versus -　　　　　　　　　　　　　　　　　　　MEMORANDUM
　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

JOSEPH MATHIEU EUGENE; NEW YORK CITY　　　　　15-CV-7275 (JG)(VMS)
COUNCIL; and DR. JACQUES MARIE PAQUIOT,

        Defendants.

JOHN GLEESON, United States District Judge:

        On December 18, 2015, Marie Banks filed this action *pro se*, seeking damages. The complaint alleges claims against defendants for events related to the death of Banks's mother, as well as the disappearance of her photograph from Banks's apartment. I grant Banks's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. For the reasons set forth below, the complaint is dismissed.

BACKGROUND

        The complaint states that defendant Joseph Mathieu Eugene[1] appeared on television in New York and stated that he is an elected city official. Compl. at 2.[2] He discussed the Family Reunification Act, which President Obama signed into law in early 2012. *Id.* The

---

[1] It seems that Banks may be mistaken about the councilmember's name. Mathieu Eugene is a member of the New York City Council, but there is no Joseph Mathieu Eugene. *See Mathieu Eugene*, http://council.nyc.gov/d40/html/members/home.shtml.

[2] For the purposes of clarity, this opinion refers to the pages of the complaint according to their ECF numeration.

1

complaint states that the law approves immigrants to come to the United States on residential visas while they await their green cards. *Id.* Banks states that her mother applied for a visa to come to the United States, and that her visa appointment date was June 16, 2011. Sadly, Banks's mother passed away three days before her interview. *Id.* Banks's sister also passed away, at an unspecified time. *Id.* at 3. The complaint urges defendants to "please put back [Banks's] mother['s] picture with date of death in [Banks's] apartment." *Id.* at 1.

## DISCUSSION

A. *Standard of Review*

Under 28 U.S. C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court must construe a *pro se* litigant's pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (quotation marks and citations omitted). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural

and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (quotation marks and citations omitted).

B. *Subject Matter Jurisdiction*

As mentioned above, even a *pro se* plaintiff must establish that the court has subject matter jurisdiction over the action. Federal courts are courts of limited jurisdiction and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Frontera Res. Azerbaijan Corp. v. State Oil Co. of Azerbaijan Republic*, 582 F.3d 393, 397 (2d Cir. 2009). The requirement of subject matter jurisdiction cannot be waived, *United States v. Cotton*, 535 U.S. 625, 630 (2002), and its absence may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). When a court lacks subject matter jurisdiction, dismissal is mandatory. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Banks alleges that the jurisdiction of the court is invoked pursuant to "murder of my mother to pass Bill of Law 'Family Reunification 2012' for Hatians – Not my Tribe" Compl. at 1. I may not exercise subject matter jurisdiction over the complaint as presently stated.

Construing Banks's complaint liberally, it seems that she alleges defendants' failure to pass the Family Reunification Act sooner than 2012 may have prevented her mother's tragic death. In addition, the complaint alludes to defendants' responsibility for the missing photograph, but there is no indication that any defendant would have access to Banks's home or even know where she lives. While I deeply sympathize with Banks over her family's losses, her complaint does not allege a "colorable federal claim" upon which relief may be granted because it does not allege a violation of federal law. *See Rene v. Citibank NA*, 32 F.Supp.2d 539, 542-43 (E.D.N.Y. 1999) (citing *Rodriguez by Rodriguez v. DeBuono*, 162 F.3d 56, 60 (2d Cir. 1998). Furthermore, there is no diversity jurisdiction pursuant to 28 U.S.C. § 1332. Therefore, the complaint against defendants must be dismissed.

While courts sometimes allow *pro se* plaintiffs an opportunity to amend their pleadings, *see Cruz v. Gomez,* 202 F.3d 593 (2d Cir. 2000), I will not be granting Banks leave to amend in this case. Unfortunately, it is unlikely that there are any facts that would confer the Court's jurisdiction over Banks's allegations.

## CONCLUSION

Accordingly, pursuant to Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i), I dismiss Banks's complaint for lack of subject matter. Any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.

So ordered.

John Gleeson, U.S.D.J.

Dated: December X, 2015
      Brooklyn, New York